CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV - 8 2018

JULIA C. DUDLEY, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| LAWRENCE WOODARD, | ) |
| Petitioner, | ) Case No. 7:18cv00541 |
| v. | ) MEMORANDUM OPINION |
| MULICENIK, Warden, | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Respondent. | ) |

The petitioner, Lawrence Woodard, an inmate at the United States Penitentiary Victorville in Adelanto, California, filed this action, pro se, as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Woodard's § 2241 petition challenges the validity of his guilty plea and asks this court to vacate his conviction accordingly. See United States v. Woodard, No. 7:96CR00109. Upon review of the record, the court concludes that Woodard's petition must be summarily dismissed for lack of jurisdiction.

A petition under § 2241, whether challenging the execution or the imposition of a federal sentence, must be brought in the district court with jurisdiction over the petitioner's custodian. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Because Woodard is not confined within the jurisdiction of the court, the court has no jurisdiction over the warden of the California facility, who is Woodard's current custodian. Therefore, the court has no jurisdiction to address Woodard's claims under § 2241.

-2-

For the stated reasons, I will summarily dismiss Woodard's petition for lack of jurisdiction, without prejudice to his submission of an adequate § 2241 petition in the appropriate court.[1]

A separate Final Order will be entered herewith.

**ENTERED** this 8th day of November, 2018.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] As Woodard's initial § 2255 motion is currently on appeal, See ECF No. 123, United States v. Woodard, No. 7:96CR00109 (Sept. 4, 2018), the court will not construe this submission as a § 2255.